IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| LUKE M. SWEETSER, <br> Institutional ID No. 116328, <br><br> Plaintiff, <br><br> v. <br><br> RICKY BISHOP, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> Civil Action No. 1:22-CV-00039-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Luke Sweetser, proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on April 18, 2022. Dkt. No. 2. The Court granted Sweetser leave to proceed *in forma pauperis*, which subjects his complaint to the Court's preliminary judicial screening measures pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 6. And because Sweetser, an inmate, brings his suit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A.

For the reasons stated below, the undersigned RECOMMENDS that Sweetser's Complaint be DISMISSED *sua sponte* without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey an order of this Court.

I.   BACKGROUND

Sweetser filed this § 1983 lawsuit on April 18, 2022, alleging a single claim that Taylor County Detention Center (TCDC) does not provide its pretrial detainees with "access to a law library for legal research[.]" Dkt. No. 2 at 3–4. He named as defendants

1

Taylor County Sheriff Ricky Bishop, TCDC Chief Administrator Trawick, and TCDC Grievance Officer Sgt. K. Henry. *Id*. Two days after the filing of this lawsuit, the case was transferred to the docket of the undersigned for purposes of preliminary screening, including efforts to assist Sweetser in developing his claims. Dkt. No. 7. And one day after being transferred to the undersigned, an Order to Answer Magistrate Judge Questionnaire, an Order for Authenticated Records, and a Notice of Availability of Magistrate Judge to Exercise Jurisdiction were entered. Dkt. Nos. 8–10.

Sweetser filed responses to the Questionnaire on April 29, 2022. Dkt. No. 11. When asked to describe how the absence of a law library has affected a current pending case of his, Sweetser stated, "Still incarcerated. No trial date set on docket. I have already given Taylor County Detention Center two (2) of my birthdays." Dkt. No. 11 at 9. And when asked to describe whether not having a law library has prevented him from filing a challenge to his current charges or detention, Sweetser stated, "This is a 'chicken or the egg' question. My innate sense of fairness tells me I should not be incarcerated for more than 19 months with no end in sight . . . there has to be some sort of legal remedy?" *Id*. When asked to describe what he was going to use the law library to research, Sweetser replied, "[l]egal research to see if I can find a way out of this limbo with no end in sight." *Id*. Elsewhere, Sweetser acknowledges that Taylor County offered to appoint him court-appointed counsel in connection with his charges, but he retained counsel instead. *Id*. at 10.

A review of the Taylor County Criminal Court records confirms that Sweetser was charged with murder by indictment on September 17, 2020, and was appointed counsel in

Case 1:22-cv-00039-H  Document 19  Filed 07/25/23  Page 3 of 6  PageID 92

January 2021. *See Register of Actions*, TAYLOR CNTY. TEX., http://publicaccess.taylorcountytexas.org/PublicAccess/CaseDetail.aspx?CaseID=171883 12 (last visited July 25, 2023). Sweetser was still represented by counsel at the time he filed this lawsuit and was ultimately convicted by a jury on September 1, 2022. *See id.*

On September 30, 2022, the Taylor County Sheriff's Office informed the Court that Sweetser was released to the custody of the Texas Department of Criminal Justice. Dkt. No. 13 at 1. On May 30, 2023, the undersigned entered an Order requiring Sweetser to file a Notice of Intent to Proceed, instructing him to provide the Court with his current address before June 30, 2023. Dkt. No. 16. That same day, the undersigned also entered an Order Staying Proceedings and Administratively Closing Sweetser's case pending the filing of his notice. Dkt. No. 15.

As of the date of this FCR, Sweetser has not filed a Notice or otherwise provided the Court with his current address.

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," for failure to prosecute or for failure to comply with the federal rules or any court order. *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–36 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order."). Dismissal under Rule 41(b) may be with or without prejudice, although a dismissal with prejudice for want of prosecution is an

3

extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Dismissal without prejudice under Rule 41(b) is appropriate here. While Sweetser's failure to respond to the Court's Order contravenes instructions provided in the Court's previous Orders, these failures appear to reflect an intent to abandon this lawsuit rather than purposeful delay or contumaciousness. But regardless, this case cannot proceed without Sweetser's compliance.

Alternatively, the undersigned recommends that Sweetser's claim be dismissed because his pleadings confirm that he was represented by counsel in connection with the charges pending against him while detained at the TCDC. And the Fifth Circuit has concluded that inmates who are represented by counsel have no right to access a law library to work on the same case for which they have counsel. *See Dickson v. TX, Fort Bend Cnty.*, 325 F. App'x 389, 390 (5th Cir. 2009) ("Because Dickinson had court-appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense.") (citing *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996)). For this reason, Sweetser's sole claim of being denied access to a law library to research issues for which he had counsel is frivolous and should be dismissed.[1]

---

[1] The undersigned also notes that any claim by Sweetser for injunctive relief, *see* Dkt. No. 2 at 5, is mooted by his release to TDCJ custody. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that a prisoner's transfer from a place of incarceration will moot claims for declaratory or injunctive relief if transfer back to the location "is too speculative to warrant relief.").

4

## II.  CONCLUSION

For the reasons explained in these Findings, Conclusions, and Recommendation, the undersigned RECOMMENDS that Sweetser's Complaint and all claims against Sheriff Ricky Bishop, Chief Trawick, and Sgt. K. Henry be DISMISSED without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to follow this Court's previous Orders. *See* FED. R. CIV. P. 41(b).

## III.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge James Wesley Hendrix and be designated as Civil Action No. 1:22-cv-00039-H.

ORDERED this 25th day of July, 2023.

                                            _____
                                            JOHN R. PARKER
                                            UNITED STATES MAGISTRATE JUDGE